UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRINCE HERNANDEZ, #603331,

      Petitioner,

                                    CASE NO. 2:13-CV-15271
v.                                HONORABLE LAWRENCE P. ZATKOFF

STATE OF MICHIGAN MDOC,

      Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION
FOR A WRIT OF HABEAS CORPUS, DENYING THE APPLICATION FOR
APPOINTMENT OF COUNSEL, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

I.

Michigan prisoner Prince Hernandez ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as an application for appointment of counsel. Petitioner was convicted of second-degree home invasion in Ingham County Circuit Court in 2008 and assaulting a prison employee in Ionia County Circuit Court 2009, both pursuant to pleas. He was sentenced to three years seven months to fifteen years imprisonment on the home invasion conviction and to one year seven months to five years imprisonment on the assault conviction. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=603331. In his habeas pleadings, he raises a deprivation of life claim asserting that he has been "in the hole" from February, 2008 until the present time in violation of his rights as a prisoner.

II.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, RULES GOVERNING § 2254 CASES.

After undertaking the preliminary review required by Rule 4, the Court concludes that the petition must be dismissed for failure to state a claim upon which relief may be granted. A petition for writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Petitioner in this case is not challenging the fact or duration of his confinement, and he raises no challenge to his criminal convictions or sentences in his pleadings. He instead complains about being placed "in the hole" and not being properly treated while confined in prison. Habeas corpus relief is not available to prisoners who complain of mistreatment during their legal incarceration. *See Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) (citing *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979)). Such complaints involving the conditions of confinement "do not relate to the legality of

the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id*. (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)).

Claims concerning the conditions of confinement are not cognizable in a habeas action brought pursuant to 28 U.S.C. §§ 2254 or 2241. *See Alston v. Gluch*, 921 F.2d 276, 1990 WL 208674 (6th Cir. Dec. 4, 1990); *see also Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006); *Sullivan v. United States*, 90 F. App'x 862 (6th Cir. 2004); *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005). Such claims by state prisoners are more properly brought in a civil rights action pursuant to 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 484; *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Martin v. Zych*, No. 2:09-10423, 2009 WL 398166, *2 (E.D. Mich. Feb. 17, 2009). Because Petitioner's claim pertains to his treatment while in state custody and does not concern the validity of his state criminal convictions or sentences, he fails to state a claim for habeas relief under 28 U.S.C. § 2254.

III.

For the reasons stated, the Court concludes that Petitioner has failed to state a claim upon which federal habeas relief may be granted in his petition. Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus. This dismissal is without prejudice to the filing of a proper civil rights complaint in the appropriate court following the exhaustion of administrative remedies. The Court makes no determination as to the merits of such a complaint. Given this determination, the Court also **DENIES** Petitioner's pending request for appointment of counsel.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if

the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85. The Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and that jurists of reason would not find the dismissal of this habeas action debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal because an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a). This case is closed.

    **IT IS SO ORDERED**.

                                              S/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: January 16, 2014